JUDGE CROTTY        15 CV 01542

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RUTHIE WOODS, Administratrix of the
Estate of VICTOR WOODS, Deceased,

                    **Plaintiff,**

           **-against-**

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICERS
JOHN& JANE DOES 1-5, CORIZON HEALTH,
INC. & NEW YORK CITY POLICE OFFICERS
& DETECTIVES JOHN & JANE DOES 1-5,

                  **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**Civ. No.**



**PLAINTIFF DEMANDS
A TRIAL BY JURY**

RECEIVED
MAR 03 2015
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of

Defendants, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.     Plaintiff, as Administratrix of the estate of Decedent VICTOR WOODS, has

brought this action pursuant to 42 U.S.C. § 1983, *et seq.* for deprivation of protected rights,

including rights under the Fourteenth, Fourth and Eighth Amendments to the U.S. Constitution,

that transpired on or about September 24, 2014 through October 1, 2014, when employees and/or

agents of THE CITY OF NEW YORK, assaulted and battered Decedent; caused injuries to his

body, including his stomach, abdomen and intestines; aggravated Decedent's pre-existing

medical problems, including peptic ulcer disease of the duodenum, atherosclerotic cardiovascular

disease, and chronic obstructive pulmonary disease; were deliberately indifferent to Decedent's

medical needs and life-threatening physical condition; acted with deliberate indifference to his

life and health, and were intentionally injurious, reckless, callous, and/or grossly negligent in continuously denying the Decedent access to, and in failing to provide proper medical treatment essential for the preservation of his life. Plaintiff also brings pendent state claims for negligence, wrongful death and medical malpractice for the inadequate treatment of Decedent WOODS' condition and denial of life-saving treatment.

2.        On or about September 24, 2014, Decedent VICTOR WOODS was arrested by Defendant NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5. Upon information and belief, during the September 24, 2014 apprehension and arrest of Decedent, Defendant NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5 assaulted and battered Decedent, causing injury to Decedent, including blunt force trauma to his torso and internal organs, including his duodenum. Upon information and belief, Decedent was arrested in the Harlem section of Manhattan, New York.

3.        Thereafter, Defendant NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5 completed Decedent's arrest processing, ignored his continuing serious  medical needs, and transported Decedent to Central Booking and the New York County Criminal Court, where he was arraigned on criminal charges and turned over to the custody of the NEW YORK CITY DEPARTMENT OF CORRECTION, which became responsible for the continuing care, safety, health and well-being of the Decedent while he was in its custody and when he was incarcerated at Rikers Island Correctional Facility until the date of his death on October 1, 2014.

4.        Defendant NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5 deliberately and indifferently failed to properly care for the health, safety and well-being of Decedent during his detainment and incarceration at the Rikers Island

Correctional Facility during the time period of on or about September 25, 2014 through and including October 1, 2014. During such time, including in the hours and minutes prior to his death, Decedent, and his fellow detainees on Decedent's behalf, made requests to NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5 for medical treatment and emergency medical treatment for Decedent for apparent and life-threatening medical conditions. Such repeated requests were ignored by Defendant NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5, which contributed to causing Decedent's death.

5. Upon information and belief, during the time period of his detainment and incarceration at Rikers Island Correctional Facility, including from on or about September 25, 2014 through and including October 1, 2014, Decedent WOODS was provided medical treatment by DEFENDANT CORIZON HEALTH, INC. ("CORIZON") and its employees, agents and physicians, at Rikers Island for stomach pain, and other chronic conditions, and the aggravation of those conditions, including bleeding ulcers, pain and suffering. Defendant CORIZON and its employees, agents and physicians failed to properly examine, diagnose and medically treat Decedent for all of his medical conditions, including bleeding ulcers; failed to provide necessary medicine; failed to refer Decedent to a hospital or proper physician; and/or misdiagnosed Decedent's life-threatening conditions.

6. Defendant CORIZON and its employees, agents and physicians, failed to conduct a thorough and complete medical workup and, therefore, failed to properly diagnose and treat Decedent WOODS.

7. Decedent WOODS, and detainees acting on behalf of Decedent, repeatedly complained about Decedent's health and his critical medical problems, intense pain and serious

ailments to Defendant CORRECTION OFFICERS and CORIZON medical personnel for days and hours prior to his death. In the hours immediately prior to his death, Decedent was in extreme pain, and exhibited signs of being in critical condition. As Decedent's fellow detainees and inmates pleaded for emergency medical assistance and help for Decedent, JOHN & JANE DOE CORRECTION OFFICERS stood idly by, and refused to render or obtain prompt emergency medical assistance, which thereby led to and contributed to causing Decedent's death.

8.      In the days, hours and minutes prior to his death, Decedent WOODS' physical appearance and complaints made his urgent need for medical attention obvious, yet Defendants were deliberately indifferent to Decedent's health and life, and ignored Decedent's medical needs. By October 1, 2014, Decedent had approximately 750 ml. of blood in his stomach and intestines, and his condition had deteriorated to the point that he was unable to stand up or walk and was having difficulty breathing, making his urgent need for medical attention even more obvious.

9.      As a result of the combined conduct and misconduct of all Defendants, and the reckless disregard for the safety and life of Decedent, the refusal to protect Decedent and provide adequate medical treatment, Decedent was caused to suffer an agonizingly painful and slow death on or about October 1, 2014 at Rikers Island Correctional Facility in the Bronx, New York.

## JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983 and the Eighth, Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

12.     Prior to the commencement of this action, and within ninety days of appointment of Plaintiff as Administratrix of Decedent's estate, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

13.     Over thirty days have elapsed since the service of such Notice of Claim and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

14.     This action was commenced within one year and ninety days after the cause of action herein accrued.

**THE PARTIES**

15.     At all relevant times, Plaintiff is and was a resident of Broward County, Florida.

16.     THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

17.     At all times relevant hereto, Defendant THE CITY OF NEW YORK owned and

operated the correctional facilities at Rikers Island.

18.     At all times relevant hereto, Defendant THE CITY OF NEW YORK owned, operated, oversaw, indemnified, managed and controlled various medical facilities and medical personnel at Rikers, including CORIZON medical personnel working at the Rikers Island Correctional Facility.

19.     At all times relevant hereto, the aforesaid medical facilities and medical personnel held themselves out as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes, hired doctors, surgeons, nurses, specialists, attendants and other personnel.

20.     Defendants NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5 and NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5 were employees acting within the scope of their employment as correction officers for the New York City Police Department, the Department of Correction.

21.     Upon information and belief, Defendant CORIZON is a corporation organized and existing under the laws of the State of Tennessee, and/or licensed to conduct business in the State of New York. Defendant CORIZON provided medical personnel at Rikers under contract with THE CITY OF NEW YORK DEPARTMENT OF CORRECTION, including medical personnel that treated Decedent during all relevant time periods herein.

## AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5

22.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23.     Upon information and belief, Defendants NEW YORK CITY POLICE

OFFICERS AND DETECTIVES JOHN & JANE DOES 1-5, on or about September 24, 2014, intentionally, with deliberate indifference to and with reckless disregard for the life, health and safety of Decedent WOODS, assaulted and battered Decedent during the process of apprehending, detaining and arresting him, causing serious physical injury to Decedent and aggravating pre-existing medical conditions.

24.     Defendants NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5 failed to attend to Decedent's medical needs, were intentionally injurious, reckless, callous, and/or or grossly negligent; and willfully and recklessly refused to see to it that Decedent received proper medical care and failed to alert medical personnel that Decedent was assaulted and battered during his apprehension and arrest.

25.     At the time Decedent was denied medical treatment, his physical condition was severe and obvious as to render proper medical attention essential for the preservation of his life.

26.     As a result of the foregoing, Defendants NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5, acting under color of state law, violated 42 U.S.C. §1983 *et seq.* and deprived Decedent of rights secured by the Constitution and laws of the Unites States, including those rights protected by the Eighth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

27.     As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

28.     As a result of the foregoing, Plaintiff RUTHIE WOODS demands monetary damages against Defendants NEW YORK CITY POLICE OFFICERS & DETECTIVES JOHN & JANE DOES 1-5 and is further seeking punitive damages against these Defendants in an

amount to be determined by jury.

## AS AND FOR A SECOND CLAIM PURUSANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANTS NEW YORK CITY DEPARTMENT
## OF CORRECTION OFFICERS JOHN AND JANE DOES 1-5

29.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

30.     Defendants NEW YORK CITY CORRECTION OFFICERS JOHN & JANE DOES 1-5 owed a duty to Decedent, an inmate incarcerated at Rikers, to provide him with a safe environment and adequate medical treatment and to protect his health, well-being and life during the period of his confinement from on or about September 25, 2014 through October 1, 2014.

31.     Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5 were deliberately indifferent to the life, health, safety and well-being of the Decedent and failed to provide Decedent with timely access to medical treatment, ignoring his requests and those of his fellow detainees and inmates for medication and medical assistance, despite the fact that they knew or should have known of his grave physical condition and immediate need for such treatment.

32.     As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

33.     As a result of the foregoing, Plaintiff RUTHIE WOODS demands monetary damages against Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5 and is further seeking punitive damages against Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS JOHN & JANE DOES 1-5.

## AS AND FOR THIRD CLAIMS OF NEGLIGENCE AND MEDICAL MALPRACTICE AGAINST DEFENDANTS THE CITY OF NEW YORK AND CORIZON

34.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.     Defendants THE CITY OF NEW YORK and CORIZON, their agents, servants and/or employees, were negligent and careless in failing to treat and care for Decedent in a careful and skillful manner; in failing to use approved methods in general use in the care and treatment of Decedent; in failing to perform a complete medical workup; in failing to send Decedent to a hospital for medical treatment; in discharging Decedent back into general population without proper medical treatment or medication; in failing to properly diagnose and properly treat the condition from which Decedent was suffering; in failing to prescribe proper medications; in failing to use proper tests and examinations in order to diagnose the condition from which Decedent was suffering; in failing to examine Decedent when he required examination; departed from known and accepted medical practices, and were otherwise negligent and careless. Defendants were also negligent in failing to treat Decedent in a timely manner.

36.     Defendants THE CITY OF NEW YORK and CORIZON, their agents, servants and/or employees, failed to treat Decedent; failed to treat and care for Decedent in accordance with the standards of care and treatment generally accepted in the medical community; failed to use approved methods in general use and to use reasonable care and skill and to use their best judgment in the care and treatment of Decedent.

37.     Defendants THE CITY OF NEW YORK and CORIZON, their agents, servants and/or employees, caused and contributed to such injuries to Decedent without any negligence on the part of Decedent contributing thereto.

38.     As a result of the foregoing, Decedent suffered extreme pain and severe physical

and psychological injuries, ultimately leading to his death.

39.     As a result of the foregoing, Plaintiff RUTHIE WOODS demands monetary damages against Defendants THE CITY OF NEW YORK, CORIZON, their agents, servants and/or employees.

## AS AND FOR A FOURTH CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST ALL DEFENDANTS

40.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.     Decedent VICTOR WOODS suffered and died due to the acts or omissions of all Defendants named in the caption of this lawsuit, who failed to assist him, provide medical care, properly monitor, address, obviate, care for, examine, diagnose, and/or treat Decedent's life-threatening medical conditions for days and hours prior to his death.

42.     Decedent VICTOR WOODS experienced severe conscious pain and suffering as his physical condition rapidly deteriorated over a period of days and hours, from September 24, 2014 until his death on October 1, 2014.

43.     Decedent VICTOR WOODS is survived by his mother, Plaintiff RUTHIE WOODS, the Administratrix of his estate, who has suffered damages including loss of support, pecuniary loss, loss of pecuniary value of Decedent's services, prospective earnings, society and comfort, care, guidance, and companionship, along with funeral and burial expenses and other such damages permitted by law.

44.     As a consequence of the foregoing, Plaintiff RUTHIE WOODS, as Administratrix of the Estate of VICTOR WOODS has been damaged in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages against the enumerated Defendants on counts One through Four as determined by a jury;

    b. Punitive damages against NEW YORK CITY POLICE OFFICERS AND DETECTIVES JOHN AND JANE DOES 1-5 and NEW YORK CITY CORRECTION OFFICERS JOHN AND JANE DOES 1-5;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
March 2, 2015

Yours, etc.,
Giordano Law Offices
*Attorneys for Plaintiff*

By: _____

Carmen S. Giordano (CSG-3927)
226 Lenox Avenue
New York, NY 10027
(212) 406-9466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RUTHIE WOODS, Administratrix of the
Estate of VICTOR WOODS, deceased,

                        Plaintiff,

             -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICERS
JOHN & JANE DOES 1-5, CORIZON HEALTH,
INC. & NEW YORK CITY POLICE OFFICERS
& DETECTIVES JOHN & JANE DOES 1-5,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CERTIFICATE OF
MERIT FOR MEDICAL
MALPRACTICE CLAIM**

Civ. No.

STATE OF NEW YORK      )
                            ss.:
COUNTY OF NEW YORK  )

      CARMEN S. GIORDANO, being duly sworn, deposes and says:

      1.     I am the attorney for plaintiff herein, and I submit this Certificate of Merit in accordance with the provisions of CPLR §3012-a, in relation to the pendent New York State Claim for Medical Malpractice.

      2.     I have reviewed the facts of this case and have consulted with a pathologist, who is Board Certified and licensed to practice medicine in the State of New York, and who is knowledgeable in the relevant issues involved in this action.

      3.     I believe, on the basis of said review and consultation with this physician, that there is a reasonable basis for the medical malpractice claim in this action.

Dated: New York, NY
March 2, 2015

CARMEN S. GIORDANO
*Attorney for Plaintiff*

Sworn to before me this

2nd day of March , 2015

Notary Public

STEFANIE BEHLER
Notary Public, State of New York
Registration #02BE6313944
Qualified In New York County
Commission Expires 10/27/18