UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RUTHIE WOODS, Administratrix of the
Estate of VICTOR WOODS, Deceased,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICERS
WICKENSON DEMAITRE, GERALDINE
WILLIAMS, LACEWELL (#15383), JOHN &
JANE DOES 1-5, CORIZON HEALTH, INC.
& HABIB MOHAMMAD, M.D.,

                Defendants.
------------------------------------X

THIRD AMENDED
COMPLAINT

Civ. No. 15cv1542 (PAC)

PLAINTIFF DEMANDS
A TRIAL BY JURY

    Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

    1.    Plaintiff, as Administratrix of the estate of Decedent VICTOR WOODS, has brought this action pursuant to 42 U.S.C. § 1983, *et seq.* for deprivation of protected rights, including rights under the Fourteenth, Fourth and Eighth Amendments to the U.S. Constitution, that transpired on or about September 24, 2014 through October 1, 2014, when employees and/or agents of THE CITY OF NEW YORK were deliberately indifferent to Decedent's medical needs and life-threatening physical condition; failed to provide continuing and emergency medical care, acted with deliberate indifference to Decedent's life and health, and were intentionally injurious, reckless, callous, and/or grossly negligent in continuously failing to provide and denying the Decedent proper medical treatment and emergency medical treatment essential for

the preservation of his life. Plaintiff also brings pendent state claims for negligence and wrongful death.

2. On or about September 24, 2014, Decedent VICTOR WOODS ("WOODS" or "Decedent") was arrested for possession of narcotics.

3. Thereafter, WOODS was arraigned on criminal charges, bail was set and WOODS was turned over to the custody of the NEW YORK CITY DEPARTMENT OF CORRECTION, which became responsible for his continuing medical care, safety, health and well-being while he was in its custody and when he was incarcerated at Rikers Island Correctional Facility until the date of his death on October 1, 2014.

4. Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5 acted with deliberate indifference in failing to properly care for the health, safety and well-being of Decedent during his detainment and incarceration at the Rikers Island Correctional Facility during the time period of on or about September 25, 2014 through and including October 1, 2014. During such time, including in the hours and minutes prior to his death, Decedent, and his fellow detainees on Decedent's behalf, made requests to NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5 for assistance, medical treatment and emergency medical treatment for Decedent for apparent and life-threatening and undiagnosed medical conditions. Such repeated requests were ignored by Defendant NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5, which thereby led to Decedent's death.

5. During the time period of his detainment and incarceration at Rikers Island Correctional Facility, including from on or about September 25, 2014 through and including September 29, 2014, WOODS was provided medical treatment by Defendant CORIZON HEALTH, INC. ("CORIZON") and its employees, agents and physicians, including Defendant HABIB MOHAMMED, M.D. at Rikers Island for stomach pain, and other chronic conditions. However, on September 29, 2014, the date of his last medical treatment by CORIZON employees, CORIZON employees failed to diagnose significant and life-threatening peptic ulcers and Decedent was treated only for drug withdrawal and was then released back into general population. Despite abnormal lab results, CORIZON employees, agents and physicians failed to continue to monitor Decedent once he was released into general population from September 29, 2014 until his death two days later on October 1, 2014, failed to follow-up and failed to medically treat Decedent for all of his medical conditions, including bleeding ulcers; failed to provide necessary medicine; failed to refer Decedent to a hospital or proper physician; and/or misdiagnosed Decedent's life-threatening conditions.

6. WOODS, and detainees acting on his behalf, repeatedly complained about Decedent's appearance, his health, his critical medical problems, intense pain, serious ailments, inability to eat and his failure to receive medical care to Defendant CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5 from September 29, 2014 until the time of his death on October 1, 2014. From September 29, 2014 and during the hours immediately prior to his death and until his death, WOODS was in extreme pain, and exhibited signs of being in critical condition. As WOOD'S fellow inmates pleaded for emergency medical assistance and help for him, Defendant CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O.

LACEWELL (#15383), and JOHN & JANE DOES 1-5 stood idly by, and refused to render or obtain prompt emergency medical assistance, which thereby led to and contributed to causing Decedent's death. Additionally, once Defendants WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5 finally alerted emergency medical assistance, emergency medical assistance failed to respond in a timely manner and Defendant CORRECTION OFFICERS failed to alert the emergency response team again and repeatedly in an effort to obtain emergency medical care for Decedent in a timely fashion.

7. From September 29, 2014 until his death, WOODS' physical appearance and complaints made his urgent need for medical attention obvious, yet Defendant CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), and JOHN & JANE DOES 1-5 were deliberately indifferent to Decedent's health and life, and ignored Decedent's need for emergency medical care. By October 1, 2014, Decedent had approximately 750 ml. of blood in his stomach and intestines, and his condition had deteriorated to the point that he was unable to stand up or walk and was having difficulty breathing, making his urgent need for medical attention even more obvious.

8. As a result of the combined conduct and misconduct of all Defendants, and the reckless disregard for the safety and life of WOODS, the refusal to protect WOODS and provide adequate medical treatment, WOODS was caused to suffer an agonizingly painful and slow death on or about October 1, 2014 at Rikers Island Correctional Facility in the Bronx, New York.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983 and the Eighth, Fourth and Fourteenth Amendments to

Case 1:15-cv-01542-PAC   Document 61   Filed 04/28/16   Page 5 of 12

the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

11. Prior to the commencement of this action, and within ninety days of appointment of Plaintiff as Administratrix of Decedent's estate, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

12. Over thirty days have elapsed since the service of such Notice of Claim and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

13. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

14. At all relevant times, during the incidents described in the Complaint and at the time of filing the Complaint, Plaintiff was a resident of Broward County, Florida. Plaintiff is currently a resident of Suffolk County, Massachusetts.

15. THE CITY OF NEW YORK was and is a municipal corporation organized and

existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

16. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned and operated the correctional facilities at Rikers Island.

17. At all times relevant hereto, Defendant THE CITY OF NEW YORK owned, operated, oversaw, indemnified, managed and controlled various medical facilities and medical personnel at Rikers, including Defendant CORIZON medical personnel working at the Rikers Island Correctional Facility.

18. At all times relevant hereto, the aforesaid medical facilities and medical personnel held themselves out as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes, hired doctors, surgeons, nurses, specialists, attendants and other personnel.

19. Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 were employees acting within the scope of their employment as correction officers for THE CITY OF NEW YORK DEPARTMENT OF CORRECTION.

20. Upon information and belief, Defendant CORIZON is a corporation organized and existing under the laws of the State of Tennessee, and/or licensed to conduct business in the State of New York. Defendant CORIZON provided medical personnel, including Defendant HABIB MOHAMMAD, M.D., at Rikers under contract with THE CITY OF NEW YORK DEPARTMENT OF CORRECTION, including medical personnel that treated Decedent during

all relevant time periods herein.

### AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5

21. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

22. Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 owed a duty to WOODS, an inmate incarcerated at Rikers Island Correctional Facilities, to provide him with a safe environment and adequate medical treatment, including emergency medical treatment, and to protect his health, well-being and life during the period of his confinement from on or about September 25, 2014 through October 1, 2014.

23. Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, C.O. LACEWELL (#15383), GERALDINE WILLIAMS, JOHN & JANE DOES 1-5 were deliberately indifferent to the life, health, safety and well-being of the WOODS and failed to provide him with timely access to medical treatment, ignoring his requests and those of his fellow detainees and inmates for medication and medical assistance, including emergency medical assistance, despite the fact that they knew or should have known of his grave physical condition and immediate need for such treatment.

24. As a result of the foregoing, WOODS suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death.

25. As a result of the foregoing, Plaintiff RUTHIE WOODS demands monetary damages against Defendants NEW YORK CITY DEPARTMENT OF CORRECTION

OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 and is further seeking punitive damages against Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5.

### AS AND FOR SECOND CLAIMS OF NEGLIGENCE AND MEDICAL MALPRACTICE AGAINST DEFENDANTS THE CITY OF NEW YORK, CORIZON & HABIB MOHAMMAD, M.D.

26. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

27. Defendants THE CITY OF NEW YORK and CORIZON, their agents, servants and/or employees, including Defendant HABIB MOHAMMAD, M.D., were negligent and careless in failing to treat and care for WOODS in a careful and skillful manner; in failing to use approved methods in general use in the care and treatment of WOODS; in failing to perform a complete medical workup; in failing to send Decedent to a hospital for medical treatment; in discharging Decedent back into general population after he refused additional diagnostic tests, but was determined to have abnormal lab reports and blood levels that revealed that Decedent had problems other than withdrawal from heroin, and failed to follow-up and continually monitor Decedent once he was discharged into general population on September 29, 2014; in failing to properly diagnose or make any continuing effort to diagnose, and properly treat the condition from which Decedent was suffering (bleeding and life-threatening peptic ulcers); and departed from known and accepted medical practices, and were otherwise negligent and careless. Defendant NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON

DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 were negligent in ignoring Decedent's continuing medical problems and the obvious signs that WOODS was extremely ill and dying from September 29, 2014. Although WOODS was seen by medical personnel on September 29, 2014, he continued to exhibit alarming symptoms, was unable to get out of his bed, which was located in close proximity to a Correction Officers Station ("the bubble") where some of Defendants NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 were stationed, was unable to eat, and exhibited signs of being in intense pain from September 29, 2014 until he died on October 1, 2014. Despite the alarming signs of fatal illness and pain and suffering, Defendant NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), JOHN & JANE DOES 1-5 failed to bring WOODS back to the medical clinic, failed to obtain medical assistance, including emergency medical assistance for Decedent and were otherwise negligent in failing to care for the health and safety of Decedent. In addition, the Defendant City of New York was negligent in hiring, retaining and supervising Defendant CORRECTION OFFICER WICKENSON DEMAITRE. Defendant CITY failed to terminate Defendant WICKENSON DEMAITRE for criminal activity and misconduct on the job prior, which occurred prior to Defendant WICKENSON DEMAITRE being assigned to care for Decedent and his fellow inmates on Tier 4 in AMKC. Defendant CITY negligently permitted Defendant WICKENSON DEMAITRE to remain on the job and be responsible for inmates such as Decedent, when WICKENSON DEMAITRE was supposed to have been terminated or assigned to a tour where he would not have had any contact with inmates. Defendant CITY was negligent in assigning Defendant

WICKENSON DEMAITRE to guard and care for Decedent and his fellow inmates when he was not qualified to do so.

28. Defendants THE CITY OF NEW YORK and CORIZON, their agents, servants and/or employees, including Defendant HABIB MOHHAMAD, M.D. failed to properly medically treat Decedent; failed to care for Decedent in accordance with the standards of care and treatment generally accepted in the medical community from September 29, 2014 until his death on October 1, 2014; failed to use approved methods in general use and to use reasonable care and skill and to use their best judgment in the care and treatment of Decedent; and failed to properly monitor Decedent as an inmate assigned to a detoxification program.

29. As a result of the foregoing, Decedent suffered extreme pain and severe physical and psychological injuries, ultimately leading to his death. See **Exhibit A**, Certificate of Merit for Medical Malpractice Claim in Third Amended Complaint.

30. As a result of the foregoing, Plaintiff RUTHIE WOODS demands monetary damages against Defendants THE CITY OF NEW YORK, CORIZON, their agents, servants and/or employees.

## AS AND FOR A THIRD CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST ALL DEFENDANTS

31. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. Decedent VICTOR WOODS suffered and died due to the acts or omissions of all Defendants named in the caption of this lawsuit, who failed to assist him, provide medical care, properly monitor, address, obviate, care for, examine, diagnose, and/or treat Decedent's life-threatening medical conditions for days and hours prior to his death.

33. Decedent VICTOR WOODS experienced severe conscious pain and suffering as his physical condition rapidly deteriorated over a period of days and hours, from September 29, 2014 until his death on October 1, 2014.

34. Decedent VICTOR WOODS is survived by his mother, Plaintiff RUTHIE WOODS, the Administratrix of his estate, who has suffered damages including loss of support, pecuniary loss, loss of pecuniary value of Decedent's services, prospective earnings, society and comfort, care, guidance, and companionship, along with funeral and burial expenses and other such damages permitted by law.

35. As a consequence of the foregoing, Plaintiff RUTHIE WOODS, as Administratrix of the Estate of VICTOR WOODS has been damaged in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages against all enumerated Defendants on counts One through Four as determined by a jury;

b. Punitive damages against NEW YORK CITY DEPARTMENT OF CORRECTION OFFICERS WICKENSON DEMAITRE, GERALDINE WILLIAMS, C.O. LACEWELL (#15383), HABIB MOHAMMAD, M.D., JOHN & JANE DOES 1-5;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
April 27, 2016

                    Yours, etc.,
                    Giordano Law Offices
                    ***Attorneys for Plaintiff***

By: _____
      Carmen S. Giordano (CSG-3927)
      226 Lenox Avenue
      New York, NY 10027
      (212) 406-9466